UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVA MARIE WILLIAMS, #585549,

      Petitioner,

                                        Civil No: 08-11927
                                        Honorable Gerald E. Rosen
                                        Magistrate Judge Virginia M. Morgan

v.

SUSAN DAVIS,

      Respondent.

_____/

**OPINION & ORDER DENYING PETITIONER'S MOTION
FOR APPOINTMENT OF COUNSEL**

      Petitioner, Eva Marie Williams, filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. §2254, challenging her state court convictions for possession with intent to deliver less than five kilograms of marijuana, possession of a firearm during the commission of a felony, possession of a controlled substance, non-narcotic (vicodin), possession of marijuana, and maintaining a drug house. Petitioner alleges that: (1) there was insufficient evidence to sustain a conviction; (2) the trial court unlawfully departed from the sentencing guidelines; and (3) her sentence was improperly scored. Pending before the Court is "Petitioner's Motion for Appointment of Counsel." For the reasons set forth below, the Court will deny the motion.

      Petitioner requests an appointment of counsel because she claims that the issues in her case are complex. She also asserts that she will be moving to a different facility and

will no longer have access to the "paralegal" who has been assisting her throughout these habeas proceedings[1].

There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). "Habeas corpus is an extraordinary remedy for unusual cases." *Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). The appointment of counsel is within the discretion of the Court and required only if, given the difficulty of the case and petitioner's ability: (1) the petition could not obtain justice without an attorney; (2) he could not obtain a lawyer on his own; and (3) there is a reasonable chance of winning with the assistance of counsel. *Mira v. Marshall,* 806 F.2d 636, 638 (6th Cir. 1986).

Petitioner must also establish "that [s]he was indigent and that exceptional circumstances were present such that a denial of counsel was likely to result in fundamental unfairness impinging on his due process rights." *DesRosiers v. Moran,* 949 F.2d 15, 23 (1st Cir. 1991). The factors a court may consider include the indigent's ability to conduct whatever factual investigation is necessary to support his claim, the complexity of the factual and legal issues involved, and the capability of the indigent litigant to present the case. *Cookish v. Cunningham,* 787 F.2d 1, 2 (1st Cir. 1986).

Addressing the indigency issue, the Court has acknowledged Petitioner's indigent status by entering an order allowing her to proceed *in forma pauperis* [dkt.#4] on May 21, 2008. However, Petitioner has not demonstrated that a denial of counsel would result in a due process violation for three reasons. First, the Court does not find that Petitioner's insufficiency of evidence and sentencing issues rise to the level of complexity which would

---

[1] Petitioner filed a notice of change of address with the Court on December 29, 2008 indicating that she now resides in the Macomb County Jail.

require the appointment of an attorney. Second, Respondent has answered the habeas petition and Petitioner has filed a reply with the assistance of her "paralegal." As a result, additional court filings are not expected or required from Petitioner. Finally, the Rule 5 materials have not been filed with the Court. Therefore, the Court is not in a position to review the record in order to make an appointment of counsel determination. Petitioner's motion will be reconsidered if, following a review of the Rule 5 materials, the Court determines that an appointment of counsel is warranted.

Accordingly,

IT IS ORDERED that "Petitioner's Motion for Appointment of Counsel" [Dkt. #9] is **DENIED** WITHOUT PREJUDICE.

                                            s/Gerald E. Rosen
                                            Chief Judge, United States District Court

Dated: January 22, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 22, 2009, by electronic and/or ordinary mail.

                                            s/LaShawn R. Saulsberry
                                            Case Manager