**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EVA MARIE WILLIAMS,

      Petitioner,                      Case No. 2:08-CV-11927

v.                                     HONORABLE GERALD E. ROSEN
                                       CHIEF UNITED STATES DISTRICT JUDGE

SUSAN DAVIS, WARDEN,

      Respondent,

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

## I. Introduction

Petitioner, Eva Marie Williams, was convicted in Macomb Circuit Court of possession with intent to deliver less than five kilograms of marijuana, MICH. COMP. LAWS 333.7401(2)(d)(iii), possession of a firearm during the commission of a felony, MICH. COMP. LAWS 750.227b, possession of a non-narcotic controlled substance, MICH. COMP. LAWS 333.7403(2)(b), possession of marijuana, MICH. COMP. LAWS 333.7403(2)(d), and maintaining a drug house. MICH. COMP. LAWS 333. 7405(d). In 2006, Petitioner was sentenced to a controlling prison term of one-to-four years, and on June 9, 2010, she was discharged from the custody of the Michigan Department of Corrections. Petitioner's pro se petition for writ of habeas corpus, filed under 28 U.S.C. §2254, challenges the sufficiency of the evidence presented at trial to sustain her conviction for possession with intent to deliver marijuana as well as the validity of her sentences. For the reasons that follow, the Court will deny the petition.

## II. **Background**

The charges against Petitioner arose from a drug raid of the mobile home she resided in with her eight-year-old daughter and her roommate, Dana Ferguson, in Harrison Township, Michigan. Petitioner was arrested at the scene of the raid, and police officers found a small bag of marijuana and a handgun in her pocket. Officers also discovered a large plastic tub of marijuana in a bedroom she shared with Ferguson and two unmarked pill bottles containing Vicodin tablets in the kitchen. Following a jury trial in Macomb Circuit Court, Petitioner was convicted as indicated above.

Petitioner filed an appeal of right in the Michigan Court of Appeals. Her appellate brief raised the three claims she presents in the instant petition. The Michigan Court of Appeals affirmed. *People v. Williams*, 2007 Mich. App. LEXIS 993 (Mich. Ct. App. Apr. 12, 2007). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court and raised the same claims. The Michigan Supreme Court denied leave to appeal. *People v. Williams,* 738 N.W.2d 733 (Mich. 2007).

Petitioner then filed the instant petition for writ of habeas corpus, raising the following claims:

> I. Evidence was insufficient to prove that Eva M. Williams possessed the drugs found in Dana Ferguson's home.
>
> II. Re-sentencing due to errors in the calculation of Eva M. Williams's sentencing guidelines, sentencing received unlawful departure.
>
> III. Sentence was unconstitutionally enhanced on the basis of offense variable points premised on facts not decided by my jury.

### III. Jurisdiction

Petitioner's release from custody during the pendency of this case raises questions about the Court's jurisdiction.

In order to attack a conviction through habeas corpus, a petitioner must be "in custody" pursuant to that conviction at the time the habeas application is filed. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) (*quoting* 28 U.S.C. § 2241(c)(3)); *see also*, 28 U.S.C. § 2254(a). This requires "that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 490 U.S. at 490; *see also, Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Where, as here, a petitioner is released during the pendency of his petition, a court is not divested of jurisdiction so long as the petitioner was "in custody" at the time the petition was filed. *See Carafas*, 391 U.S. at 238; *York v. Tate*, 858 F.2d 322, 324 (6th Cir. 1988). Petitioner satisfies the jurisdictional "custody" requirement because she was still in prison when she filed her habeas petition.

Nevertheless, a prisoner's release may moot her habeas petition. Under Article III of the Constitution, a federal court has jurisdiction only over actual "cases or controversies." U.S. CONST. art. III, § 2. As the Supreme Court has explained:

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990). *See also Preiser v. Newkirk*, 422 U.S. 395 (1975). This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis,*

3

*supra*, at 477.

*See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  In other words, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormac*k, 395 U.S. 486, 496 (1969). Thus, a case is moot and outside the Court's jurisdiction if "events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). Mootness is a jurisdictional issue which may be raised by the Court sua sponte. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

Where, as here, the petitioner is no longer in custody, her habeas petition will be moot unless she shows some "concrete and continuing injury other than the now-ended incarceration," that is, some "collateral consequence" arising from the detention. *Spencer*, 523 U.S. at 7. Ordinarily, a habeas petition challenging a criminal conviction will not be moot, because the criminal conviction almost always carries continuing collateral consequences. This is the case with respect to Petitioner's first claim which challenges the sufficiency of the evidence.  Among other things, the fact of Petitioner's conviction resulted in a host of civil disabilities.  *See Carafas*, 391 U.S. at 237-238.

Where a petitioner has been fully discharged from the sentence that she challenges, and her claims only challenge the sentence imposed but not the underlying conviction, however, there are no continuing collateral consequences that could be redressed by a favorable disposition of his habeas application. *See Lane v. Williams*, 455 U.S. 624, 631 (1982).  This is the case with respect to Petitioner's second and third claims. The Michigan Department of Corrections's Offender Tracking Information System (OTIS) website indicates that Petitioner has been fully discharged from her sentences. And Petitioner's

4

second and third claims challenge only her sentences. In her second claim, Petitioner

contends that the sentencing guidelines were incorrectly scored. In her third claim,

Petitioner asserts that the sentence imposed violated the rule of *Blakely v. Washington*, 542

U.S. 296 (2004). Because these two claims challenge only the sentence imposed by the

trial court, and because Petitioner has been fully discharged from that sentence, those

claims are now moot. The Court will deny Petitioner's second and third habeas claims on

that basis.


## IV. <u>Standard of Review</u>

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act

of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas

corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Simply stated, under section 2254(d), Petitioner must show that the

state court's decision "was either contrary to, or an unreasonable application of, [the

Supreme] Court's clearly established precedents, or was based upon an unreasonable

determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state

court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question

of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. A state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## V. <u>Sufficiency of the Evidence</u>

Petitioner argues that insufficient evidence was presented to sustain her conviction for possession with intent to deliver less than five kilograms of marijuana. Specifically, Petitioner argues that the prosecutor failed to establish beyond a reasonable doubt that she had constructive possession of the marijuana in the plastic container and the bottles of Vicodin found in her roommate's home.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, the standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as

6

defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006)(*quoting Jackson*, 443 U.S. at 324 n.16).  "A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003)(*citing Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). "The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim." *Matthews*, 319 F.3d at 788-89.

Under Michigan law, possession of a controlled substance requires a showing of "dominion or right of control over the drug with knowledge of its presence and character." *People v. McKinney*, 670 N.W.2d 254 (Mich. App. 2003).  "Possession may be either actual or constructive, and may be joint as well as exclusive." *Id*.  Mere presence where the controlled substance was found is insufficient to establish possession; rather, an additional connection between the defendant and the controlled substance must be established. *People v. Wolfe*, 489 N.W.2d 748 (Mich. 1992).  Constructive possession exists when the totality of the circumstances indicates a sufficient nexus between the defendant and the controlled  substance. *Id*.

The Michigan Court of Appeals held that sufficient evidence was presented to show constructive possession of the container of marijuana and bottles of Vicodin:

> There was sufficient evidence to show that defendant possessed the marijuana and the Vicodin. Defendant admitted that she stayed in the mobile home regularly during the three months before the search, whenever she visited Dana Ferguson, her lover. She admitted that her and Fergusson shared the bedroom where the marijuana was found. In addition, even though it may not have been her own, she had a key to the mobile home, a fact from which a jury could infer she exercised some control over the premises. Clothing consistent with her size was found in the bedroom closet where the marijuana was stored. Further, the second bedroom contained a bed, toys, and clothes suitable for an eight-year-old girl, another indication that defendant and her daughter had some control over the premises. Finally,

two officers testified that defendant told them that she and her daughter lived there. Viewed in the light most favorable to the prosecution, a reasonable jury could find beyond a reasonable doubt that defendant lived in the mobile home and exercised control over the premises.

Moreover, defendant admitted that she heard rumors that Ferguson was dealing drugs from the mobile home. The clear Tupperware container, in which marijuana was stored, was on the floor of the closet in the bedroom defendant regularly used, and defendant had marijuana on her person when searched. These facts support the reasonable inference that defendant recognized marijuana and knew that marijuana was on the premises. Further, the Vicodin was found in unlabeled pill bottles, on the top of the refrigerator in the kitchen, and defendant admitted she had seen the bottles. A reasonable jury could infer from this evidence that defendant knew the pill bottles contained Vicodin. Because she controlled the premises and knew the drugs were present, there was also sufficient evidence to find beyond a reasonable doubt that she had control over the drugs. Thus, there was sufficient evidence for a rational jury to find, beyond a reasonable doubt, that defendant possessed the marijuana with intent to deliver and possessed the Vicodin. Because the conviction for possession with intent to deliver marijuana was the predicate felony for the felony-firearm charge, the felony-firearm conviction is also supported by the record evidence. *People v. Williams*, 2007 Mich. App. LEXIS 993, 5-6 (Mich. Ct. App. Apr. 12, 2007)

The Michigan Court of Appeals, although not specifically citing *Jackson*, cited case law incorporating the *Jackson* standard. Considered in the light most favorable to the prosecution, the evidence presented at trial supported a finding that the prosecutor established beyond a reasonable doubt that Petitioner was in constructive possession of the marijuana and Vicodin. A police officer testified at trial that upon entry of Petitioner's residence pursuant to a search warrant, Petitioner and her eight-year-old daughter were present. Petitioner was searched, and a loaded semiautomatic pistol was removed from her pocket. Additionally, a folded lottery ticket was taken out of her pocket containing marijuana, which the police officer testified was commonly used to facilitate packaging marijuana for sale. A more extensive search revealed thirteen individually wrapped bags

of marijuana stored in a plastic container in a bedroom closet, a silver scale, another loaded semi-automatic pistol under the bed, two pill bottles of Vicodin, and additional marijuana stored in a crock-pot. Petitioner admitted to residing at the premises with her eight-year-old daughter, although she indicated that her roommate was the owner of the residence. Petitioner made statements to the effect that she knew about the drugs, that they belonged to her roommate, and that she made no attempts to extricate herself from this dwelling. Viewed most favorably to the prosecution, sufficient evidence was presented at trial to establish beyond a reasonable doubt that Petitioner had constructive possession of all the drugs found in the house. Therefore, the court finds that the state court's holding was not contrary to or an unreasonable application of Supreme Court precedent, and the claim will be denied.

## VI. Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement

to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)(citation omitted). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. The Court concludes that jurists of reason would not find the Court's assessment of the constitutional claims debatable or wrong. The Court thus declines to issue Petitioner a certificate of appealability.

## VII.  Conclusion

For the reasons stated above, the state courts' rejection of Petitioner's first claim did not result in decisions that were contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts. Petitioner's second and third claims have been mooted by the expiration of her sentence. Accordingly, the petition for a writ of habeas corpus is **DENIED.**

## VI. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas

corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner is granted leave to appeal *in forma*

*pauperis.*


      s/Gerald E. Rosen
      Chief Judge, United States District Court

Dated: December 16, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of
record on December 16, 2010, by electronic mail and upon Eva Williams, #267732,
Macomb County Jail, P.O. Box 2308, Mt. Clemens, MI 48043 by ordinary mail.

      s/Ruth A. Gunther
      Case Manager